Broderick, V.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  10/1/2015               │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HIGHLINE CAPITAL MANAGEMENT,          :
LLC,                                  :
                                      :
                        Plaintiff(s), :
                                      :
            -v-                       :
                                      :
HIGHLINE WEALTH MANAGEMENT,           :
LLC and NEIL J. SIMON,                :
                                      :
                       Defendant(s).  :
                                      :
------------------------------------------------------------X

No. 15 Civ. 5175 (VSB)

CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

VERNON S. BRODERICK, United States District Judge:

      Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1.    All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all consent, the remainder of the Order need not be completed at this time.*]

2.    The parties [have __X__ / have not _____] engaged in settlement discussions.

3.    This case [is __X__ / is not _____] to be tried to a jury.

4.    No additional parties may be joined after November 20, 2015 without leave of the Court.

5.    No additional causes of action or defenses may be asserted after November 20, 2015 without leave of the Court.

6.    Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than October 30, 2015. [*Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).*]

7.    All fact discovery is to be completed no later than January 25, ~~2015~~ 2016. [*A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

8.    The parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

a.   Initial requests for production of documents shall be served by October 30, 2015.

b.   Interrogatories shall be served by Dec. 18, 2015 .

c.   Depositions shall be completed by January 25, ~~2015~~ .2016

   i.   Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   ii.   There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

   iii.   Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

d.   Requests for admissions shall be served no later than Dec. 18, 2015 .

9.   All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by April 22, 2016 . [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

10.   All discovery shall be completed no later than April 22, 2016 .

11.   The Court will conduct a post-discovery conference on _____ May 26, 2016 _____ at _____ 10:00 a.m. _____. [*To be completed by the Court.*] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

a.   If either party contemplates filing a dispositive motion, the post-discovery conference will function as a pre-motion conference required by Rule 4.A of the Court's Individual Rules and Practices. Pre-motion letters are to be submitted by _____ May 16, 2016 _____. [*To be completed by the Court.*]

b.   If neither party contemplates a dispositive motion, the post-discovery conference will function as a pretrial conference at which a trial date will be set.

12.   Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's

decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.     \_\_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

    b.     \_\_\_\_\_ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201* et seq., *are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 12(b).*]

    c.     \_\_\_\_\_ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is
5 days          .

SO ORDERED.

Dated:     October 1, 2015
         New York, New York


Vernon S. Broderick
United States District Judge